UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOB G. THUT, et al.,

  Plaintiffs,

  v.

CITY OF SEATTLE, et al.,

  Defendants.

CASE NO. C05-1464C

ORDER

This matter has come before the Court on Defendants' motion to dismiss several of Plaintiffs' claims as time barred. (Dkt. No. 19.) Having carefully considered the papers filed by the parties, the Court has determined that no oral argument shall be necessary. For the reasons that follow, the motion is hereby GRANTED in part and DENIED in part.

Defendants' motion seeks to dismiss the following claims: (1) violations for 42 U.S.C. § 1983 against the City and the Officers; (2) false arrest and imprisonment against the Officers; and (3) assault and battery against the Officers.

The parties agree that the incident providing the basis for this action was the alleged arrest and detention of Plaintiffs on June 4, 2002. Plaintiffs filed notices of claims for damages with the City on May 9, 2005.

ORDER – 1

The Washington state statute of limitations governing personal injury actions applies to claims brought under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985) (holding that § 1983 claims are best characterized as personal injury claims for statute of limitations purposes and that the state statute of limitations governing personal injury claims was the appropriate statute to apply to § 1983 claims brought by a plaintiff alleging unlawful arrest and assault by a state police officer). The Ninth Circuit, in *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981), held that the applicable Washington statute is Wash. Rev. Code ("RCW") § 4.16.080. *See also Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991), *cert. denied*, 502 U.S. 1091 (1992). RCW § 4.16.080 provides a three-year statute of limitations. Thus, to have been timely and absent some tolling statute, Plaintiffs' § 1983 claims would have had to have been brought by June 4, 2005.

Plaintiffs contend that Washington's claims-filing statute, RCW § 4.96.020(4), tolled the statute of limitations for sixty days. Whether this argument has merit depends on whether the time provision in this section is properly characterized as a tolling statute or as a special statute of limitations. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (stating that state notice of claim statutes, including their special statutes of limitations, are generally inapplicable to § 1983 actions, but recognizing that state tolling statutes must be applied). The statute deemed by the *Silva* Court to be a special statute of limitations (and thus inapplicable to a § 1983 action) provided for either a six-month or a two-year statute of limitations. 169 F.3d at 610 (citing CAL. GOV'T CODE § 945.6(a)). However, in *Harding v. Galceran*, the Ninth Circuit found that a statute providing that "[a]ny applicable statute of limitations . . . shall be tolled" constituted a state tolling statute applicable to the general statute of limitations applicable to § 1983 actions. 889 F.2d 906, 908 (9th Cir. 1989) (citing CAL GOV'T CODE § 945.3).

Here, the applicable text of RCW § 4.96.020(4) provides, "The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period." The express language of this sentence is more like the statute in *Harding* than in *Silva*. In addition, even though this "tolling" provision makes its appearance in a state notice of claims statute, like the special statutes of

ORDER – 2

limitations in *Silva*, it is the fact that it is a *tolling* statute rather than the fact that it appears in a notice of claims statute that is important. In general, state notice of claims statutes have been disapproved of in the context of § 1983 claims because "the application of the notice requirement burdens the exercise of the federal right . . . . [t]his burden . . . is inconsistent in both design and effect with the compensatory aims of the federal civil rights laws." *Felder v. Casey*, 487 U.S. 131, 141 (1988). In a similar vein of reasoning, the Ninth Circuit in *Harding* found that the portion of CAL GOV'T CODE § 945.3 barring a party from bringing a civil action against a peace officer while state criminal charges are pending against that party was contrary to the purposes of § 1983. 889 F.2d at 908. However, the *Harding* Court found that the tolling portion of the statute was consistent with the purposes of § 1983 and should therefore have been applied to the plaintiff's claims. Thus, under *Harding*, the tolling portion of RCW § 4.96.020(4) is properly considered separate from the notice of claims portion.[1]

Accordingly, the Court finds that RCW § 4.96.020(4) tolled the statute of limitations on Plaintiffs' § 1983 claims for sixty days. As Plaintiffs filed their complaint on July 13, 2005, the Court finds that Plaintiffs' § 1983 claims were timely brought. Therefore, Defendants' motion to dismiss Plaintiffs' § 1983 claims as time barred is DENIED.

As to Plaintiffs' claims regarding false arrest, false imprisonment, assault and battery, Plaintiffs argue that the applicable statute of limitations is found in RCW § 4.16.080, which applies to actions against "a sheriff, coroner, or constable." However, Plaintiffs' claims are not asserted against sheriffs, coroners, or constables, but police officers. Therefore, the two-year statute of limitations in RCW

---

[1] Defendants cite to a case from the Second Circuit in which the court found that because the state notice of claim requirement did not apply to the federal action, "no valid purpose would be served by enlarging the prescribed period to 'compensate' for a disability that did not exist." *Day v. Moscow*, 955 F.2d 807, 814 (2d Cir. 1992). However, in *Harding*, the Ninth Circuit applied the tolling provision of CAL GOV'T CODE § 945.3 *even after* it found that the first part barring a party from bringing a civil action against a peace officer while state criminal charges were pending against that party did not apply (and thus did not constitute a "disability"). Thus, the particular direction taken by the Ninth Circuit on this question requires that a tolling provision be considered on its own.

ORDER – 3

§ 4.16.100(1) applies to Plaintiffs' claims for false arrest, false imprisonment, assault and battery. *See also*, *Boyles v. City of Kennewick*, 813 P.2d 178, 179 (Wash. Ct. App. 1991) (applying two-year statute of limitations to claims against police officer for assault and battery); *Heckart v. City of Yakima*, 708 P.2d 407 (Wash. Ct. App. 1985) (applying two-year statute of limitations to claims against police officer for false arrest). Defendants' motion is GRANTED as to Plaintiffs' claims regarding false arrest, false imprisonment, assault, and battery.

In accordance with the foregoing, Defendants' motion is GRANTED in part and DENIED in part. Plaintiffs' claims of false arrest, false imprisonment, assault, and battery are hereby DISMISSED with prejudice.

SO ORDERED this <u>8th</u> day of March, 2006.

*/s/ John C. Coughenour*
UNITED STATES DISTRICT JUDGE

ORDER – 4