THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOB G. THUT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SEATTLE, *et al.*, <br><br> Defendants. | CASE NO. C05-1464-JCC <br><br> ORDER DISMISSING CASE |

This matter comes before the Court on Defendants' amended motion for summary judgment. (Dkt. No. 61.). Having thoroughly considered Defendants' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion on the grounds explained herein.

I.  BACKGROUND

Plaintiffs filed a complaint in King County Superior Court on July 13, 2005, which asserted civil rights claims under 42 U.S.C. § 1983 and Washington state law. (Dkt. No. 2.) The events giving rise to Plaintiffs' complaint—their detention and arrest for various criminal charges and the alleged excessive force used by Seattle police officers—occurred on June 4, 2002. (Dkt. No. 2.) Following Defendants' removal of the case, the Court partially granted Defendants' motion to dismiss and set the trial date for October 23, 2006, and the parties proceeded with the discovery process as to the remaining claims. (Dkt. Nos. 24, 30.) In the

course of discovery, Plaintiffs failed to timely respond to Defendants' interrogatories, requests for production, and requests for admission pursuant to Federal Rule of Civil Procedure 36. (Dkt. Nos. 26; 27, Ex. A; 31.) Notwithstanding these failures, Defendants moved for summary judgment following the discovery cut-off date of June 23, 2006. (Dkt. No. 30.)

Before the Court could rule on the summary judgment motion, the Washington Supreme Court suspended Plaintiffs' counsel from the practice of law for six months. *See In re A. Graham Greenlee*, 158 Wn.2d 259 (2006) (en banc). As a result, the Court stayed the proceedings on November 24, 2006, and expressly directed Plaintiffs' counsel to "notify the Court when either (1) the period of his suspension is completed or (2) his clients have obtained substitute counsel." (Dkt. No. 53.) Since that day, neither Plaintiffs, their attorney-of-record, Mr. Greenlee, nor any newly appointed attorney for Plaintiffs have ever notified the Court as directed. Nor have they communicated with Defendants. (Dkt. No. 61 at 4.) Indeed, Plaintiffs have filed nothing in the case since August 2006, other than the notification by Plaintiffs' counsel, Mr. Greenlee, regarding his suspension in October 2006 (Dkt. No. 52), and Mr. Greenlee's personal response to Defendants' November 2012 motion to lift the stay in the case. (Dkt. No. 59.)

Defendants moved the Court to lift the stay in the matter on November 20, 2012, so that they could move to dismiss for failure to prosecute and/or for summary judgment. (Dkt. No. 57.) Mr. Greenlee responded in his personal capacity, stating to the Court that he never received the Order staying the case and requiring a response of when the case could move forward, no longer represented Plaintiffs, and had not been in touch with them since his suspension. (Dkt. No. 59.) The Court granted that motion and directed Mr. Greenlee to file a formal motion to withdraw as counsel for Plaintiffs, which he has failed to do as of the date of this Order. (Dkt. No. 63.) Shortly before the Court granted the motion to lift the stay, Defendants filed the instant motion for summary judgment. (Dkt. No. 61.) Therein, Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 41(b) and/or for summary judgment pursuant to Rule 56. (*Id.*) Upon consideration, the Court finds that dismissal pursuant to Rule 41(b) is warranted in light of

ORDER DISMISSING CASE
PAGE - 2

Plaintiffs' complete absence from the case for more than six years.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[1] FED. R. CIV. P. 41(b). Similarly, a district court has the inherent authority to manage its docket, and if a plaintiff fails to diligently pursue his or her case, the Court may exercise its discretion to dismiss the action in certain circumstances. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). According to the Ninth Circuit, "a dismissal for lack of prosecution must be supported by a showing of unreasonable delay," which, if demonstrated, creates a presumption of injury to the defendant. *Id.* A district court should also consider five factors in determining whether dismissal with prejudice is a warranted sanction for failure to prosecute. *Id.*; *see In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). Those factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Eisen*, 31 F.3d at 1451; *see Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). While it is a permissible alternative, the Ninth Circuit has cautioned that "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson*, 779 F.2d at 1423 (citation omitted).

In the instant matter, the Court is satisfied that there exists an unreasonable delay and that upon consideration, the *Henderson* factors favor dismissing this matter with prejudice. First, there is no question that there has been an unreasonable delay. Plaintiffs have not taken a single action in the instant case for more than six years. As noted above, the Court expressly ordered Plaintiffs' counsel on November 24, 2006 to notify the Court either (1) when the suspension

---

[1] This District's local rules also provide that "[a]ny case that has been pending [] for more than nine months without any proceeding of record having been taken may be dismissed by the court on its own motion for lack of prosecution." Local Rules W.D. Wash CR 41(b).

1  period of Plaintiff's counsel expired, or (2) when Plaintiffs obtained substitute counsel so that the
2  case could proceed. (Dkt. No. 53.) Plaintiffs failed to file anything at all following that Order,
3  much less a notification that new counsel had been obtained in order to move the case forward.
4  Plaintiff's counsel-of-record, Mr. Greenlee, made a filing for the first time on December 4, 2012,
5  in response to Defendants' motion to re-open the case. (Dkt. No. 59.) Therein, he claims that he
6  never received that Order, but does state that he told Plaintiffs about his suspension and that they
7  needed to acquire new counsel. (*Id.*) However, as the Notice of Inability to Act indicated in
8  October 2006, Mr. Greenlee's suspension should have expired in April 2007; yet, no action was
9  taken in the case once Mr. Greenlee was again able to practice law, nor did Plaintiffs obtain new
10 counsel. (*See* Dkt. No. 52.) In his most recent filing, Mr. Greenlee indicated that he no longer
11 believes that he represents Plaintiffs and has not been in touch with them. (Dkt. No. 59.) In light
12 of Plaintiffs' complete inaction in the matter for more than six years, notwithstanding express
13 directions to notify the Court when Plaintiffs were prepared to proceed either with substitute
14 counsel or once Mr. Greenlee could again represent them in the matter, the Court has trouble
15 imagining a better example of "unreasonable delay." *See In re Eisen*, 31 F.3d at 1451 (four year
16 delay sufficient to warrant dismissal).

17      The *Henderson* factors also favor dismissal.[2] The first and second factors—the public's
18 interest in expeditious  resolution of litigation and the Court's need to manage its docket—are
19 often considered together, because they both underpin a finding of unreasonable delay. *Id.* at
20 1452. Both factors strongly weigh in favor of dismissal here, where Plaintiff has taken no action
21 whatsoever in more than six years. *See*, *e.g.*, *id.* ("Moneymaker took no action for four years,

---

[2] The Court must provide "warning of imminent dismissal" before *sua sponte* dismissing an action for failure to prosecute. *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1991). However, where the dismissal follows a noticed motion to dismiss for failure to prosecute, the Court need not provide its own independent notice. *In re Eisen*, 31 F.3d at 1455. This is so because the Court is not acting *sua sponte* and the plaintiff has an opportunity to present a reason for her dilatory conduct that outweighs the prejudice caused to a defendant. *Id.* (distinguishing *Oliva*, 958 F.2d at 274); *accord Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("[T]here is no warning requirement when dismissal follows a noticed motion under Rule 41(b).").

ORDER DISMISSING CASE
PAGE - 4

which interfered with the expeditious resolution of bankruptcy matters and hindered the bankruptcy court's ability to manage its caseload."). Plaintiffs have not communicated with the Court since 2006, much less provided any excuse to justify the delay—indeed, the only response to Defendants' motion to dismiss was filed by Plaintiff's counsel-of-record, who believed he was no longer their attorney and did not know how to contact them. (Dkt. No. 59.) Such neglect undermines any real prospect of resolving the litigation and allows the case to sit stagnant on both the Court's docket and Defendants' list of potential liabilities. *Cf. Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981) *overruled on other grounds by Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1987) (period of time constituting unreasonable delay need not be extensive if "the future [holds] only the prospect of continued improprieties.").

When considering the third factor, the risk of prejudice to the defendant, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. The law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d at 1452. This is so because, as time passes, the risk that evidence will disappear or become tainted increases, as does the chance that witnesses will move away and their memories fade. *Id.* at 1452-53. However, this presumption is rebuttable, and if a plaintiff is able to articulate a cogent reason for her delay, the burden shifts to the defendant to show at least some actual prejudice. *Id.* Here, Plaintiff has made no such showing, and it seems more than reasonable to believe that the pertinent witnesses—and their memories—will be fleeting given that the underlying events in the lawsuit occurred more than a decade ago. Accordingly, the Court finds that Plaintiffs' delay has prejudiced Defendants' ability to present their defense and that this factor favors dismissal. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (presuming prejudice to defendant's ability to present its case from length of time that elapsed between events at issue and the present).

The fourth factor requires the Court to consider the public policy which favors the disposition of cases on their merits. Such a policy generally weighs against dismissal. However,

dismissal is appropriate if the plaintiff has clearly neglected her duty and responsibility to the Court, regardless of whether her case has merit. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 526 (9th Cir. 1976). Thus, while the Court respects the policy favoring disposition of cases on their merits, it is a plaintiff's duty to move the matter towards that disposition at a reasonable pace and to refrain from dilatory conduct. *Morris*, 942 F.2d at 652 (affirming dismissal where the case had "been in the federal courts for nearly five years for no reason other than inability or unwillingness on the part of Appellants to move the matter towards resolution"). Here, as explained above, Plaintiffs have utterly failed to fulfill their responsibility to move the case forward. Accordingly, the Court believes that this factor weighs in favor of dismissal.

Finally, the Court must recognize that dismissal is an extreme remedy and, often, less drastic alternatives are available. *See Morris*, 942 F.2d at 652. Here, however, the Court finds that neither monetary sanctions nor any other lesser sanction will recompense Defendant for its inability to proceed with this stagnant lawsuit, the underlying events for which are now more than a decade old. *See id.* (presuming prejudice from length of delay and affirming dismissal). Nor does the Court believe that such sanctions would prompt Plaintiffs to actually participate in the matter, given their complete failure to appear in the lawsuit for more than six years. The Court thus believes that dismissal is the only appropriate remedy under the circumstances.

Because the Court finds that Plaintiffs' complaint must be dismissed pursuant to Rule 41(b), it declines to address Defendants' request for summary judgment under Rule 56.

### III. CONCLUSION

For the foregoing reasons, Defendants' amended motion for summary judgment or to dismiss pursuant to Rule 41 (Dkt. No. 61) is hereby GRANTED. Plaintiffs' complaint is DISMISSED with prejudice for failure to prosecute. The Clerk is respectfully directed to close the case.

//

//

ORDER DISMISSING CASE
PAGE - 6

1     DATED this 1st day of February 2013.

/s/ John C. Coughenour<br>
John C. Coughenour<br>
UNITED STATES DISTRICT JUDGE